# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID CROCKETT | : | CIVIL ACTION |
| v. | : | |
| SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY, et al. | : | NO. 11-7111 |

## ORDER

By Order dated July 8, 2011 (ECF No. 2), this Court denied Plaintiff's Application to Proceed in Forma Pauperis ("IFP") in view of his monthly income of $6,692.37. Plaintiff has now submitted a letter to the Court dated October 27, 2011, which the Court will treat as a Motion for Reconsideration. In his letter, Plaintiff asserts that he has substantial expenses and also assists his sister with financial support. He also asserts that he is involved in eight separate actions in the Philadelphia Court of Common Pleas against the Defendants, seeking access to public records under the Pennsylvania Right to Know Law.

A review of the proposed Complaint in this case shows that the Plaintiff is asserting a violation of his civil rights and for common law torts, arising out of injuries he suffered on a Southeastern Pennsylvania Transportation Authority ("SEPTA") train at the Trenton, New Jersey station on September 1, 2010. Plaintiff has named as Defendants not only SEPTA, but approximately forty additional individuals, individually and in their official capacity, identified as members of the Board of Directors of SEPTA, and various managers of SEPTA. Plaintiff makes allegations that Defendants are liable for a "state created danger," and he also sues for "conspiracy to interfere with civil rights," even though all of the proposed Defendants are either

on the Board of SEPTA or are SEPTA managers, and therefore, there is dubious ability for these individuals to "conspire" with each other under settled law.

The Complaint also seeks to name as Defendants "John/Jane Doe, Department Directors" and "John/Jane Doe, attorneys and/or law firms," identified as those "who represented SEPTA in respective claims similarly caused between May 1, 1993 and September 1, 2010."

Allowing the Plaintiff to proceed IFP would not only permit the Plaintiff to file the Complaint without paying the filing fee of $350.00, which Plaintiff surely can afford, but also would mandate the U.S. Marshal to serve the Complaint on all of the named individuals, and possibly unnamed individuals if they were to be identified subsequently, and require all of them to defend this case.

Plaintiff is under the mistaken belief that proceeding IFP would relieve him of paying for his litigation expenses. Plaintiff's allegations would require substantial discovery and possibly expert witness expenses. Plaintiff's allegations against most of the Defendants are inadequate because he does not provide "a short and plain statement showing" that he is entitled to relief against all Defendants.

The Court notes that a Common Pleas Court judge has allowed Plaintiff to proceed IFP in state court. However, it appears in those cases that SEPTA is the only Defendant.

Without diminishing the Plaintiff's right to pursue claims, the Court finds that Plaintiff can afford the filing fees, can drastically reduce the number of named Defendants in order to secure the relief to which he believes he is entitled, and can serve SEPTA, which may be the only entity responsible for Plaintiff's injuries, at his own expense. Plaintiff does not state any facts showing that any of the individuals may be liable to him for his injuries.

The Court recommends that Plaintiff attempt to retain counsel who may be willing to advance filing fees and expenses. Assuming Plaintiff will represent himself pro se, he must be prepared to pay his own litigation expenses.

For the foregoing reasons, it is hereby ORDERED as follows:

1. Plaintiff's Motion for Reconsideration is DENIED.

2. Plaintiff may file an Amended Complaint and pay the filing fee, within thirty (30) days. Otherwise, this case will be dismissed without prejudice.

BY THE COURT:

Date: 11/23/11

s/Michael M. Baylson

Michael M. Baylson, U.S.D.J.

O:\CIVIL 11-12\11-7111 Crockett v SEPTA\Crockett v SEPTA Order Mot Reconsideration.wpd